PEOPLE ex rel. CLINTON v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department. January 10, 1908.)

1. MUNICIPAL CORPORATIONS—POLICE DEPARTMENT—CHARGES AGAINST OFFICER—TRIAL—EVIDENCE.
    Evidence *held* insufficient to sustain a police commissioner's finding that relator, a patrolman, was guilty of conduct unbecoming an officer, in that he had assaulted a fellow officer, so as to justify his discharge.

2. ASSAULT AND BATTERY—ELEMENTS.
    That relator, a police officer, came between complainant and another officer who was assaulting him, whether for the purpose of separating them or not, did not constitute an assault by relator on complainant.

Certiorari by the people, on the relation of Eugene Z. Clinton, against Theodore A. Bingham, as police commissioner of the city of New York, to review respondent's determination dismissing relator from the police department of the city. Writ sustained. Proceedings annulled. Relator reinstated.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jacob Rouss (Louis J. Grant, on the brief), for relator.
Theodore Connoly (Thomas F. Noonan, on the brief), for respondent.

LAUGHLIN, J. The relator had been a member of the police force 22 years. He bore a good record. The charge upon which he was placed on trial, tried, found guilty, and dismissed from the force was conduct unbecoming an officer, in that he assaulted one Walsh, a fellow patrolman, in the dormitory of the precinct station house, "by striking him in the face with his clenched fists without cause or provocation, and using profane and indecent language" to the patrolman thus assaulted. The trial was before a deputy commissioner. The relator pleaded not guilty.

The record bristles with evidence of improper conduct on the part of the deputy commissioner before whom the relator was tried; but it is unnecessary to decide whether it shows such bias or prejudice against the relator as would warrant the court in annulling the proceedings, for the record is barren of any evidence to sustain the finding that the relator was guilty of the charge which he was summoned to meet. The fair inference from the evidence is that Officer Walsh was not assaulted, either in the reserve room or in the dormitory of the police station, during the evening, as claimed, but after he had gone on patrol duty the following morning. He testified, however, that he was assaulted in the station house; but he did not testify that the relator assaulted him. There is not a word of testimony tending to show that the relator used either profane or indecent language at the time in question. In fact, it does not appear that he spoke at all. Patrolman Walsh testified that Officer Fitzgerald assaulted him with clenched fists, striking him several times in the reserve room, when Officer Unger, the relator, and others were present. Officer Walsh was then asked by the deputy commissioner, "What had Unger or Clinton to do with it?" to which he replied, "Unger came between us, and in doing so accidentally pushed me at the door and tore the sleeve of my shirt." He was then asked by the deputy commissioner, "What had Clinton to do with it?" and he replied, "At about 9:25 p. m. Officer Fitzgerald pushed me out of bed and put me up against the wall, and he came between us." Coming between the complainant and an officer who was assaulting him was presumably for the purpose of separating them; but, regardless of its purpose, it did not constitute an assault. Notwithstanding the fact that Walsh failed to testify, when interrogated by the deputy commissioner, that the relator assaulted him, he was subsequently asked by the attorney for the relator, "Are you sure each one of these defendants assaulted you?"

to which he replied, "I think so." He was then asked, "Do you remember, when you testified yesterday, that you stated that the officer who assaulted you up in the dormitory was Fitzgerald?" to which he replied, "I said Fitzgerald and Clinton." He had not, however, said Fitzgerald and Clinton, according to the record. Later on during the trial, and after the deputy commissioner had refused to allow the counsel for the relator to interrogate the witnesses, the relator, in his own behalf, asked Officer Walsh, "Have I at any time been unfriendly to you, or molested you, or spoken to you unkindly in any way?" Walsh replied, "Never." The relator then asked Walsh, "Did I assault you?" to which Walsh replied, "You separated me from Fitzgerald on April 12th in the dormitory of the Fifth Precinct station house. The three of you were right near me." This is the only testimony bearing on the relator's connection with the assault. If it might have been inferred from his previous testimony that he meant to convey the impression that the relator assaulted him, his last answer on the subject shows just what the relator did, and negatives any idea of assault. It is manifest that the evidence is wholly insufficient to warrant the finding that the relator assaulted Officer Walsh, and it is evident that his removal was not based upon evidence.

It follows, therefore, that the writ of certiorari should be sustained, the proceedings annulled, and the relator reinstated, with $50 costs and disbursements. All concur.